**William A. WOOD, Jr.,
Plaintiff-Appellant,**

v.

**CARBOLINE COMPANY,
Defendant-Appellee.**

No. 82–2538.

United States Court of Appeals,
Fifth Circuit.

July 16, 1984.

Reynolds, Allen & Cook, James R. Leahy, Kay Pierce, Houston, Tex., for plaintiff-appellant.

Taylor, Hays, Price, McConn & Pickering, Sharon Stagg, Susan E. Crowley, Houston, Tex., for defendant-appellee.

Before POLITZ, WILLIAMS and GARWOOD, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In a trial before a jury, appellant William Wood claimed that his former employer, Carboline Company, had constructively discharged him, and converted funds belonging to him. The jury found against him on those issues, but awarded him $27,238.46 for unreimbursed expenses he had incurred on Carboline Company's behalf. Wood's motion for a partial new trial was denied. Wood appeals on two grounds: (1) an interrogatory to the jury was allegedly confusing; and (2) the jury's answers to interrogatories regarding conversion were allegedly contradictory. We affirm the district court's denial of the motion for partial new trial.

### I. FACTS

In 1959, Wood joined the Carboline Company as a sales representative for its pro-

tective coatings industry in the Gulf Coast area. By 1970, Wood had become manager of the Texas territory, although he still continued to handle individual sales accounts. In 1976, Wood was demoted from "manager of Texas field operations" to "manager of operations" and "engineering manager". After Wood was demoted, he was directed to reduce his portfolio of sales accounts in order to allot more time to his managerial duties. He was given a monthly salary to supplement his sales commissions and compensate him for those managerial duties. By 1977, the monthly salary had been phased out and Wood was again demoted, to the position of commissioned salesman. Some time after Wood was demoted for the second time he left Carboline and accepted a job elsewhere. He then brought this suit claiming that he had been constructively discharged by Carboline and that Carboline had wrongfully retained and converted money belonging to him.

## II. HONEST DISSATISFACTION

■ The jury found that there was an employment contract between Wood and Carboline Company whereby Wood was employed as a regional manager for Carboline. The jury found, further, that under the terms of the employment contract Wood was entitled to be retained in his employment only so long as his work was satisfactory. Thus, if Carboline in good faith found Wood's work unsatisfactory, it would have had justifiable grounds for demoting or firing him.

The original version of the interrogatory in question, No. 3, and the accompanying charge to the jury read:

*Interrogatory No. 3.* Do you find from a preponderance of the evidence that Plaintiff was constructively discharged from his management position by Defendant?

In connection with this Interrogatory, you are instructed that "constructive discharge" occurs when a person contracts to fill a particular position and the employer *unjustifiably* makes a material change in the employee's duties or *un-*

*justifiably* makes a significant reduction in the rank of that employee. For example, if the employer resorts to various devices or engages in a course of conduct designed to induce the employee to abandon his service, or to make performance by that employee impossible, you may find a constructive discharge.

In this case, a *change in Plaintiff's duties or rank is unjustifiable only if the Defendant was not honestly dissatisfied with Plaintiff's work. The burden of proof is on Plaintiff to show by a preponderance of the evidence that Defendant was not honestly dissatisfied with Plaintiff's performance as regional manager. A constructive discharge is justifiable if the employer acts in good faith and is honestly dissatisfied with the employee's work,* if the dissatisfaction is real and not pretended or the result of a dishonest design. (Emphasis added.)

After an objection was made to the above interrogatory, the district judge replaced it with the following interrogatory and instruction:

*Interrogatory No. 3.* Do you find from a preponderance of the evidence that Defendant was not *honestly dissatisfied* with Plaintiff's performance as regional manager at the time Plaintiff was removed as regional manager?

In connection with this Interrogatory, you are instructed that *a demotion in Plaintiff's duties or rank is unjustifiable only if the Defendant was not honestly dissatisfied with Plaintiff's work. The burden of proof is on Plaintiff to show by a preponderance of the evidence that Defendant was not honestly dissatisfied with Plaintiff's performance as regional manager. A demotion is justifiable if the employer acts in good faith and is honestly dissatisfied with the employee's work,* if the dissatisfaction is real and not pretended or the result of a dishonest design. (Emphasis added.)

As is apparent, the italicized portions of each instruction are the same. The essen-

tial difference is that the original interrogatory asked whether Wood was constructively discharged, while the amended interrogatory asked if Carboline Company was honestly dissatisfied with Wood's performance.

Appellant argues that "the evidence at trial conclusively established that Wood was performing satisfactorily and that Carboline was not *honestly* dissatisfied with his performance. It follows, therefore, that Carboline's course of action ... equalled a 'constructive discharge' rather than a justifiable one." Wood complains that the very shift in language from "constructive discharge" to "honest dissatisfaction" misled the jury, since appellant's case was tried on a "constructive discharge" theory. Appellant's argument thus comes down to the claim that, because (in his estimation) the evidence showed that Carboline was *not* honestly dissatisfied, the interrogatory itself must have misled the jury, or the jury would not have found that Carboline *was* honestly dissatisfied.

After reviewing the second version of the interrogatory and instructions given to the jury, we find that it was not misleading, even though it did not contain the magic words "constructive discharge." The "test is not whether the charge is faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine those issues." *Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076, 1100 (5th Cir.1973), *cert. denied,* 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974). The import of the original interrogatory and instructions that Wood's counsel approved, and the interrogatory and instructions actually relied on by the jury, is the same: a demotion or constructive discharge is justifiable if the employer acts in good faith and is honestly dissatisfied with the employee's work. By arguing that the original version of the interrogatory was correct, appellant admits that for a constructive discharge to have occurred Carboline must have *unjustifiably* reduced his rank, and that if Carboline was honestly dissatisfied with his work, reduction in rank was *not* unjustifiable. The pertinent question was whether Carboline was honestly dissatisfied, since any discharge, constructive or not, would have been justifiable if Carboline was. That question was clearly answered in favor of Carboline by the jury in responding to interrogatory No. 3. That is enough. There is no error.

## III. INCONSISTENCY OF ANSWERS TO INTERROGATORIES REGARDING CONVERSION

In response to interrogatory No. 12, the jury found that Wood had a proprietary or ownership interest in a particular fund of money. In response to interrogatory No. 13, the jury found that Carboline had not converted Wood's interest in the fund. Wood now argues that the answers to interrogatories No. 12 and 13 are inherently contradictory, and that a new trial should be granted on those issues. We do not find those answers contradictory. When Wood was removed from his position as manager, Carboline did not retain the entire fund, but paid Wood the amount it considered to be due him. It was the prerogative of the jury consistently to find that Wood had a partial interest in the fund, and that, although Carboline had retained control of the majority of the fund, it had not converted Wood's limited interest in it.

We find no error in the interrogatories and instructions presented to the jury, and conclude that the jury's answers to the interrogatories were not inconsistent. We therefore affirm the district court in its denial of appellant's motion for a partial new trial.

AFFIRMED.